and that he changed his testimony as to the side of the street at which the car stopped before he attempted to alight, the evidence remains practically as it stood before; and the fair preponderance, inclusive of probabilities, is not only still to the effect that the plaintiff alighted from the car before it had come to a stop, but it has been rendered even more marked than it was at the former trial by the changes in the testimony of the plaintiff, and his contradictory statements in other respects.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

### HAYMAN v. CANADIAN PAC. RY. CO. et al.

(Supreme Court, Appellate Term. February 24, 1904.)

1. CARRIERS—DELIVERY AT WRONG DESTINATION—WAYBILL—PROTECTION TO CONNECTING CARRIER.

Since a connecting carrier does not see the bill of lading until it is surrendered on the arrival of the goods at their destination, the waybill is a complete defense to it for delivery at a wrong destination.

2. SAME—WAIVER.

Where a consignee, on being notified of the arrival of goods at a wrong destination, directs their forwarding to another place, and there receives them, such acceptance operates as a waiver of the carrier's liability for the erroneous delivery.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Thomas E. Hayman against the Canadian Pacific Railway Company and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Thomas W. McKnight, for appellant.

Townsend & McClelland, for respondent Canadian Pacific Ry. Co.

Chas. C. Paulding and Middleton A. Caldwell, for respondent N. Y. C. & H. R. R. Co.

FREEDMAN, P. J. This action is brought to recover damages in the amount of $36, which plaintiff claims he sustained by reason of the wrongful delivery by the defendants of a shipment of hay. The Canadian Pacific Railway Company shipped the hay in their car No. 50,582, and delivered it to the New York Central & Hudson River Railroad Company to be forwarded by it as a succeeding carrier to its destination. There was a discrepancy between the bill of lading issued by the Canadian Pacific Railway Company to the shipper and the waybill for this car given to the New York Central & Hudson River Railroad Company, although they should have agreed; that is to say, the bill of lading called for a delivery at "Melrose Junction," while the waybill called for a delivery at "130th Street, N. Y." The car of hay arrived at 130th street May 14, 1903, and a notice of its arrival was sent to the plaintiff, the party to be advised, on the same date. On the fol-

!owing day, May 15, 1903, the plaintiff, by letter, directed the New York Central & Hudson River Railroad Company to send the car to Sixtieth street, and there deliver it to one Hoffman upon the surrender of the bill of lading, and it was so delivered.  As a succeeding carrier never sees the bill of lading till it is surrendered and a delivery of the goods made, the waybill is a complete defense to the New York Central & Hudson River Railroad Company, and this has been conceded by the counsel for the appellant in the brief submitted on this appeal. And as against the Canadian Pacific Railway Company the plaintiff waived any right that he might originally have had under the bill of . lading for a delivery at Melrose Junction by requesting, almost as soon as notified of the arrival of the hay, a delivery. at Sixtieth street, and by accepting the hay at that place.  A consignee, or his authorized agent, may receive goods addressed to him in the hands of a carrier at any place, either before or after their arrival at their place of destination; and such acceptance operates as a discharge of the carrier from his liability.  Sweet v. Barney, 23 N. Y. 335; Am. & Eng. Ency. of Law, vol. 2, pp. 894, 895.

The judgment must be affirmed with costs.

DAVIS, J., concurs.

MacLEAN, J.  Sweet v. Barney is authority for releasing the New York Central & Hudson River Railroad Company from liability upon the assent of the defendant to receive his goods at a point where he could have them speedily, and avoid further loss; but it contains nothing to show why the Canadian Pacific Railway Company should not pay for the damage suffered by the plaintiff under treatment too much akin to duress in receiving his goods at an undesirable place, and only to avoid further loss after being driven from pillar to post through the negligence of the Canadian Pacific Railway Company, which, if contending here, as contends its counsel, for legal principles, would better acknowledge the authenticity of bills of lading issued by it, and make good the shipper's loss, caused solely by the blunder of the railway's servants.